MARIA LAMBERTI *v.* CITY OF STAMFORD.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Submitted on briefs October 5—decided November 30, 1944.

*Samuel Gordon,* for the appellant (plaintiff).

*Charles N. Wexler,* for the appellee (defendant).

ELLS, J.  In so far as General Statutes, § 1420, applies to the facts of this case, it provides that any person injured by means of a defective road may recover damages from a municipality bound to keep it in repair, but that no action for any such injury shall be maintained unless written notice containing certain specified information shall be given to the city clerk "within ten days thereafter," that is, within ten days after the occurrence of the injury.  The question is whether a notice given on December 26 as to an injury sustained on December 15 satisfied the time requirement of the statute.  The complaint alleged a fall on an icy sidewalk maintained by the defendant city on December 15 and the giving of the notice on December 26; the defendant demurred because it thus appeared that the notice was not given within the required time; the trial court sustained the demurrer, and the plaintiff, refusing to plead further, appealed to this court from the judgment rendered against her.

The plaintiff claims that the word "thereafter" was put into the statute for the purpose of giving the injured party ten full or clear days within which to give the notice before being barred of the right of recovery given by the same statute, and that, therefore, both terminal days should be excluded.  It is well settled

that the day of the act from which a future time is to be ascertained is to be excluded from the computation. *Austin, Nichols & Co., Inc.* v. *Gilman,* 100 Conn. 81, 84, 123 Atl. 32; *Weeks* v. *Hull,* 19 Conn. 376, 381. The authorities are in conflict concerning the exclusion of the last terminal day, but the reasons for the divergent decisions are the varied circumstances of the cases and the differences in language of the statutes under consideration. The question in the instant case is answered by the very words of the statute. The word "within" is of controlling importance. It means "not longer in time than"; Webster's New International Dictionary (2d Ed.); "not later than." 69 C. J. 1315; 45 Words & Phrases (Perm. Ed.), p. 378. The word "within" is almost universally used as a word of limitation, unless there are other controlling words in the context showing that a different meaning was intended. *Whitford* v. *Lee,* 97 Conn. 554, 561, 117 Atl. 554. In *O'Neil* v. *Boston,* 257 Mass. 414, 415, 153 N. E. 884, the essential facts and the language of the statute were precisely the same as in the instant case. In computing the ten-day period, the day of the injury was excluded and the tenth day thereafter was fixed as the final day upon which valid notice could be given.

Excluding the date of the injury, the first full day of the period was December 16 and the tenth day was December 25. December 26 would be the eleventh day, and consequently the notice given on that day was not within ten calendar days.

The major question, and the only one considered by the trial court in its memorandum of decision, is whether the fact that December 25 was a legal holiday served to extend the time until the succeeding day. In *Avery* v. *Stewart,* 2 Conn. 69, it was held that where a promissory note, not negotiable, was made

payable in sixty days from date, and the last day was a Sunday, a day on which payment could not legally be made, a tender on the Monday following was good. In *Sands* v. *Lyon*, 18 Conn. 18, a testator devised land to his son on condition that he should pay A $100 within one year next after the testator's decease. The last day of the period was Sunday. We followed the decision in the *Avery* case, and said (p. 31): "The general rule on this subject, as there stated by *Gould, J.*, is, that as Sunday cannot, for the purpose of *performing* contracts, be regarded as a day in law, it is, as to that purpose, to be considered as stricken from the calendar." In *Austin, Nichols & Co., Inc.* v. *Gilman,* supra, 85, we quoted from *Sommers* v. *Adelman,* 90 Conn. 713, 714, 99 Atl. 50, as follows: "We have adopted the rule that where the last day of a period within which an act may be done, which may not be done on Sunday, falls upon such day, performance may be made on the following day." In *Alderman Bros. Co.* v. *Westinghouse Air Brake Co.,* 91 Conn. 383, 99 Atl. 1040, we were considering a statute which provided that a party wishing to take an appeal should, within one week after judgment, file a notice of appeal; we held (p. 385): "When the last day of the week period falls upon a holiday, a notice filed on the following day is seasonably filed. . . . The same rule governs in such case as in cases where the last day falls upon a Sunday, and for the same reason." In neither of these latter cases did the statute under consideration provide for such an extension. *Sommers* v. *Adelman,* supra, is a similar case.

The legislature has designated certain days as legal holidays without stipulating in any general way what is the effect intended. General Statutes, § 6565. It must have intended to attach to those days the significance generally accorded a holiday in the civil law,

that is, it is a day on which the ordinary occupations are suspended, a day of exemption or cessation from work, a day of religious observance or of recreation or amusement. 29 C. J. 761; 40 C. J. S. 410; 29 Am. L. Reg. (N. S.) 137. When the legislature provides a time within which an act must be done, and the last day of the period allowed is a holiday, it becomes necessary to determine, as between the intent of the legislature expressed in that statute, and in the statute designating certain days as holidays, which shall prevail. Whether the act may be performed on the day succeeding the holiday is a matter of statutory construction. We do not have here a situation where the giving of the notice requires action only by the person injured or someone in his behalf. The giving of that notice involves a duty to receive it on the part of the proper municipal official. Certainly when the legislature declares a day to be a holiday, it means at least to free public officers from the obligation of keeping open their offices or attending to their duties on that day, and it might well be that on such a day the officer or officers of a municipality to whom, under the statute, notice must be given would be out of town and far away. The injured party could not safely leave the giving of notice to the last day if it is a holiday, or, if that day falls on Monday, to either the Sunday or succeeding holiday. Practically, where the last day of the period falls on a holiday, not to permit the notice to be filed on the succeeding day would be to cut down the time permitted for giving the notice from ten to nine days, or, if the holiday followed a Sunday, to eight days. We cannot believe that the legislature had such an intention. The situation falls fairly within the principle that, where there is a general provision and one addressed to a particular situation which may in certain circumstances

be in conflict with the general law, the intention expressed in the particular provision will be given effect, and to that extent the general provision will be modified. *Caffrey* v. *Alcorn,* 115 Conn. 605, 610, 162 Atl. 840; *Wentworth* v. *L. & L. Dining Co., Inc.,* 116 Conn. 364, 369, 165 Atl. 203. No doubt a notice given to a proper officer of the municipality upon a holiday within the period allowed by the statute would be valid. But if the last day of the period falls on a holiday, the giving of notice on the next day is a sufficient compliance with the statute.

Whatever the rule may be in other jurisdictions where, as in this state, there is no controlling statute to the contrary, we believe that the rule we are adopting evinces the intent of our legislature as shown by the language of §§ 1420 and 6565. In reaching this result we do not read an exception into § 1420; instead, we harmonize as far as possible two somewhat conflicting statutes. Furthermore, § 1420 gives the injured party ten days in which to give the notice. The practical effect of a rule contrary to the one we adopt would be, in the situations we have discussed above, to give the injured party, not ten days, but at most nine days, and in the second contingency only eight, in which to give notice. Such a holding would defeat the evident legislative intent as expressed in the very language of the statute. It is true that the effect of our rule is to give the injured party more than ten calendar days, and that, if only § 1420 is to be considered, this would seem to read an exception into the statute; but when § 1420 is read in connection with § 6565, as it must be, the language of the legislative acts clearly expresses the intent that holidays are to be excluded from the computation.

There is error, the judgment is set aside and the case

is remanded to the Superior Court with direction to overrule the demurrer.

In this opinion MALTBIE, C. J., and DICKENSON, J., concurred.

BROWN, J. (dissenting). I am unable to agree with either the reasoning or the result of the majority opinion. The plaintiff's sole right of action was that created by § 1420. This expressly prescribes that either the action must be brought or the notice given "within ten days" of the occurrence of the injury, and this is a condition precedent to any right of recovery. *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 401, 167 Atl. 826; *Crocker* v. *Hartford,* 66 Conn. 387, 391, 34 Atl. 98. As this court emphatically stated in referring to § 2020 of the General Statutes, Revision of 1902, the forerunner of the present act, until the prescribed condition is met no right of action under the act exists. "The statute recognizes no equivalents, and it is not competent for the courts to extend the right given beyond the limits fixed by the General Assembly, or to create a right not contemplated by the legislature and contrary to its peremptory mandate." *Forbes* v. *Suffield,* 81 Conn. 274, 275, 70 Atl. 1023; see also *Korb* v. *Bridgeport Gas Light Co.,* 91 Conn. 395, 397, 99 Atl. 1048. In the instant case, so far as the facts are concerned, aside from the circumstance that the plaintiff had already had nine days in which to act, that the tenth day was Christmas day gave rise to no impossibility of his meeting the condition prescribed in the statute. The specific question presented therefore, is whether, under these circumstances, this court can properly construe the words "within ten days," as used in the statute, to mean "within eleven days," its language being neither ambiguous nor uncertain.

No authority is given for so doing. All four of the cases relied upon by the majority which go furthest in support of its position are clearly distinguishable as involving impossibility of performance, which, as stated, is not present in the case before us. Thus in *Avery* v. *Stewart* and *Sands* v. *Lyon,* where a payment as prescribed fell due on Sunday, it was held that since the performance of the contract on Sunday "would be an unlawful act" payment on the day following would suffice; and in *Sommers* v. *Adelman* and *Alderman Bros. Co.* v. *Westinghouse Air Brake Co.,* where the final day of the period prescribed for an act essential to taking an appeal fell on Sunday, it was held it could be done the next day, because on Sunday the appellant, under Public Acts, 1909, Chapter 148, was "powerless" to do it. Furthermore, as to these cases, not only did the statute (§ 791 of the 1902 Revision) expressly authorize an extension of the time prescribed but the court in its opinion specifically differentiated the situation then before it from that arising under a statutory provision of the nature now under consideration.

The principal reason advanced for the majority's conclusion is that, since § 6565 designates Christmas as a holiday and the final day of the period prescribed by § 1420 for giving notice fell on Christmas day, it becomes necessary to determine which of the conflicting intents of the legislature so expressed shall prevail. The fallacy of the argument is that no conflict in fact does exist. Granting the possible or potential greater inconvenience to the plaintiff of serving notice on a holiday, under certain circumstances, which the majority opinion suggests, this by no means constitutes impossibility, which alone could give rise to the need to "harmonize" the statutes relied upon by the majority. That civil process may be served at any time on holidays and on Sunday, in all actions, before sun-

rise and after sunset is sufficient indication that the legislature intended that the notice in question could and should, if circumstances required, be served on either a holiday or Sunday. That no conflict of legislative intent is manifested by the two statutes and that the General Assembly intended no exception as to § 1420 are further evidenced by numerous enactments where an express exception as to Sunday or a holiday is provided. See General Statutes, §§ 1990, 4317, 4402, 4463.

It is therefore my conclusion that the court did not err in sustaining the demurrer and in entering judgment for the defendant.

In this opinion JENNINGS, J., concurred.