KATHERINE M. COURTNEY v. JOHN J. EGAN,
ADMINISTRATOR, UNEMPLOYMENT COMPENSATION LAW

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 80522

Memorandum filed November 7, 1947.

*Katherine M. Courtney*, pro se.

*Harry Silverstone,* Assistant Attorney General, of Hartford, for Unemployment Compensation Administrator.

KING, J. The claimant was denied unemployment compensation, by award dated March 27, 1947, on the ground that she failed to prove that she was "available for work." The claimant at the time was in Santa Ana, California, and apparently the original hearing was held there.

The claimant appealed to the unemployment compensation commissioner in Hartford County and the appeal was dismissed because it was not filed "within seven days after . . . (the notification of the award) was mailed to . . . (the caimant's) last known address." From that decision the claimant has appealed to this court.

There is nothing in the record which definitely shows when the notice of decision was mailed, except that the claimant, in her appeal to this court, states that it was received on or about March 31, 1947. The court may judicially notice that it takes from four to five days for a letter to go the substantially 3,300 miles from Hartford to California. *Lloyd & Elliott, Inc.* v. *Parke* 114 Conn. 12, 14. It would thus appear that the notice was mailed on the same day as dated, which was March 27, 1947. This is fortified by the fact that it appears from the note in the left lower corner of the notice that a copy was sent to the claimant in Santa Ana, California.

The claimant states that her appeal was filed in the Santa Ana office on April 4, 1947, and the commissioner apparently accepted this statement. Excluding, as we must, the first day of the period, (March 27), we find that the seventh day would be April 3, 1947. *Lamberti* v. *Stamford,* 131 Conn. 396, 398. The fact that a Sunday intervened (March 30) is immaterial since it did not fall on the terminal (seventh) day. Id., 399.

Here the appellant admits that she received her notice on or about March 31. She then had three days on any one of which she could have filed her appeal in the Santa Ana office. The notice of award clearly gave the time limit in which to file the appeal, and she was in nowise mislead. No reason appears, or is given, why she chose to wait until April 4 to file the appeal in the town of her residence. Under these circumstances the commissioner was not only literally, but equitably, correct in dismissing the appeal as not timely. *State ex rel Baskin* v. *Bartlett,* 132 Conn. 623, 626.

It perhaps should be noted that we are not here concerned with a situation where compliance was impossible. See *Lamberti* v. *Stamford,* supra, 403. Such might have been the case, for example, had the claimant had to file her appeal in Hartford. Whether impossibility or extreme difficulty would prevent the running of the time need not be determined in this case, since no such elements are involved.

The mere fact hat she had less actual time than would have been available to a resident of Connecticut is immaterial since in fact she had a reasonable time. See *Fitzgerald* v. *Scovil Mfg. Co.,* 77 Conn. 528, 529. Indeed, a claimant residing in a remote rural area in Connecticut might well receive mail a full day later than a person situated in the same city in which the administrator's office was located, and have his appeal period correspondingly reduced. Intolerable confusion would arise if the language of the statute were so distorted as to provide that anyone, under any circumstances, should have the same length of time in which to file an appeal. Indeed, such a result would be impossible even if the time ran from the date of receipt of notice of the award, because the geographical location of the various claimants would vary the length of time required for an appeal to reach the commissioner's office. Wisely, the general assembly provides an ample, but definite, time which operates fairly in the case of practically everyone, as it did in the case of this claimant.

This statute is not so worded as to make it possible for the notice not to be mailed at all, as was the case in *Murphy* v. *Elms Hotel,* 104 Conn. 351, 352.

Whatever might be the rule had the appeal to the Superior Court not been timely, procedural requirements in an appeal to the commissioner are far too informal to make applicable a rule that, unless the administrator files a plea in abatement, the unemployment compensation commissioner is powerless to dis miss the appeal however late it be taken. Id., 353. Both the administrator and the commissioner should act to guard against illegal claims for benefits.

The appeal is dismissed and the award affirmed.