[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant City of Norwalk has filed a motion to dismiss, Practice Book 143(1), on the ground that the court lacks subject matter jurisdiction because of failure to commence this action in a timely fashion.
The plaintiff, James Cayo, has brought suit under the defective highway statute, General Statutes 13a-149, alleging that he was injured on September 1, 1991, while riding his bicycle on a public highway in Norwalk, when the bicycle struck a sewer grate situated lower than the level of the street. Plaintiff also claims that the asphalt and cement around the grate was in a dangerous and hazardous condition, and that he gave notice of his injuries to the municipal clerk on December 2, 1991.
The motion to dismiss asserts that December 2, 1991 was the CT Page 5828 ninety-second day after the incident on September 1, 1991, and that General Statutes 13a-149 provides: "No action for any such injury shall be maintained against any . . . city . . . unless written notice of such injury . . . shall within ninety days thereafter be given to . . . the clerk of such city."
The ninetieth day in this case was on Saturday, November 30, 1991, when the Norwalk clerk's office was closed. As a matter of fact, the clerk's office was apparently also closed the two preceding days as well, Thursday, November 28, Thanksgiving, and Friday, November 29, 1991. Therefore the last day for the plaintiff to serve the clerk would have been on Wednesday, the 27th, which would have meant that the plaintiff, instead of having ninety days to give notice of his injuries, would have been limited to eighty-seven days.
In Lamberti v. Stamford, 131 Conn. 396, 401, 40 A.2d 190
(1944), the last day to give notice of a defective highway claim to the municipal clerk fell on Christmas day. The court held that giving notice on the next day, December 26, complied with the statute. "[I]f the last day of the period falls on a holiday, the giving of notice on the next day is a sufficient compliance with the statute." Id. The court reasoned that a contrary rule would decrease the number of days that notice of injury could be given as authorized by the legislature.
In this case, the last day for giving notice did not fall on a Sunday or a holiday, but rather on a Saturday. As in Lamberti, however, the clerk's office was closed on that date as well as the following date, a Sunday. The issue is whether the reasoning of Lamberti should be extended to any date the clerk's office is closed, and I believe it should. In a highway defect case against a city, its clerk must be served with notice, and if the office is closed, service at that location is impossible.
Therefore the defendant's motion to dismiss is denied.
So Ordered.
Dated at Bridgeport, Connecticut, this 11 day of June, 1992.
WILLIAM B. LEWIS, JUDGE