[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the present case, the plaintiff is seeking a writ of mandamus ordering Dianne E. Yamin, the Probate Court Judge for the District of Danbury, to allow an appeal filed by the plaintiff. On January 13, 1992, the Probate Court denied the admission of a holographic will, which was offered by the plaintiff and allegedly executed by the late Alexander Skasko ("decedent"). According to the plaintiff's application for a writ of mandamus, "[o]n or about February 13, 1992, the plaintiff duly presented to the Probate Court an Application for Allowance of Appeal, which the Probate Judge refused to accept or allow, although requests have been made to her to allow said application." The plaintiff appealed the Probate Court's denial to the Superior Court. On July 29, 1992, the court denied the plaintiff's appeal because "[a] party cannot appeal from a refusal to allow an appeal but is limited to a writ, of mandamus to compel the Probate Court to allow the appeal." (Citations omitted) Estate of Alexander Skasko Deceased v. Dzamko, 7 CSCR 149, 150 (July 29, 1992, Fuller, J.). Finally, on August 26, 1992, the plaintiff filed a "COMPLAINT IN THE NATURE OF MANDAMUS TO ENFORCE PRIVATE RIGHT" against Dianne Yamin, the Probate Judge for the Judicial District of Danbury; Patricia Dzamko, the stepdaughter of the decedent; and Norman O'Connor, the temporary administrator of the decedent's estate, asking the court to order allowance of the probate appeal.
The plaintiff seeks a writ of mandamus ordering the Probate Court Judge to allow a probate appeal pursuant to General Statutes, Secs. 45a-186 and 45a-187. "Mandamus is an CT Page 9743 extraordinary remedy which is designed to enforce the performance of a plain positive duty and the writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled." Sampietro v. Board of Fire Commissioners, 200 Conn. 38, 41,509 A.2d 28 (1986).
 "`It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. [Citations omitted.] That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done what he seeks. [Citations omitted.] The writ is proper only when' (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy.'"
Golab v. New Britain, 205 Conn. 17, 20, 529 A.2d 1297 (1987). Clearly, the court can only issue a writ of mandamus if it finds the three elements enumerated above.
The first element that the court must find is a mandatory duty imposed upon the Probate Court Judge. "Probate Court judges do not possess the discretionary authority to refuse to allow review by a higher court" Haylett v. Commission on Human Rights Opportunities, 207 Conn. 547, 550, 541 A.2d 494
(1988). Any person, who is aggrieved by a Probate Court order, denial or decree may appeal to the Superior Court provided that the "appeal under section 45a-186 by those of the age of majority and who are present or who have legal notice to be present, shall be taken within thirty days." General Statutes, Sec. 45a-187. Accordingly, a Probate Court judge has a mandatory duty to allow an application for an appeal if the applicant satisfies the requirements of General Statutes, Secs.45a-186 and 45a-187.
The second element that the court must find is a clear legal right to have an application for an appeal granted by a CT Page 9744 Probate Court judge. The plaintiff will have a right to appeal the Probate Court order, denial or decree, and therefore a right to compel the allowance of such appeal by mandamus, "[i]f upon such proceeding it is made to appear that a party aggrieved by an order of the Court of Probate has, by himself or some person properly acting for him, within the time limited by law, requested the allowance of an appeal to the proper court from such order, and has given the required bond. . . ." (Emphasis added.) Williams v. Cleaveland, 76 Conn. 426, 430,56 A. 850 (1904). In the complaint, the plaintiff alleges that" "at all times hereinafter mentioned, [she] was a beneficiary under the will of the late Alexander Skasko, of Danbury." "To qualify as an aggrieved person, the plaintiff must have a pecuniary interest in the subject matter of the decree or order, and that pecuniary interest must be adversely affected by the decree or order from which the appeal is taken." Lenge v. Goldfarb, 169 Conn. 218, 221, 363 A.2d 110 (1975). Since the plaintiff alleges a pecuniary interest that was adversely affected by the Probate Court's order, she appears to be an aggrieved person pursuant to General Statutes, Sec. 45a-186.
Next, in order to have a legal right to appeal, the plaintiff must have filed the application for appeal within thirty days of the Probate Court's order, denial or decree. In the present case, the plaintiff filed the application for an appeal on February 13, 1992, which is thirty-one days after the Probate Court denied the admission of the holographic will. Although the plaintiff filed the application thirty-one days after the Probate Court's denial,
 "[i]n Alderman Bros. Co. v. Westinghouse Air Brake Co. 91 Conn. 383, 99 A. 1040, we were considering a statute which provided that a party wishing to take an appeal should, within one week after judgment, file a notice of appeal; we held (p. 385): `When the last day of the week period falls upon a holiday, a notice filed on the following day is seasonably filed . . . . The same rule governs in such case as in cases where the last day falls upon a Sunday, and for the same reason.'"
Lamberti v. Stamford 131 Conn. 396, 399, 40 A.2d 190 (1944). "`We have adopted the rule that where the last day of a period within which an act may be done, which may not be done on CT Page 9745 Sunday, falls upon such day, performance may be made on the following day."' Id. However, "[w]hen the legislature provides a time within which an act must be done, and the last day of the period allowed is a holiday, it becomes necessary to determine, as between the intent of the legislature expressed in that statute, and in the statute designating certain days as holidays, which shall prevail." Id., 400.
In the present case, the last day to file the application for an appeal was February 12, 1992, Lincoln's Birthday, which is a legal holiday. See General Statutes, Sec. 1-4.
 "The legislature has designated certain days as legal holidays without stipulating in any general way what is the effect intended. [Citation omitted.] It must have intended to attach to those days the significance generally accorded a holiday in the civil law, that is, it is a day on which the ordinary occupations are suspended, a day of exemption or cessation from work, a day of religious observance or of recreation or amusement."
Lamberti v. Stamford, supra, 399-400. "Certainly, when the legislature declares a day to be a holiday, it means at least to free public officers from the obligation of keeping open their offices or attending to their duties on that day, and it might well be that on such a day the officer or officers of a municipality to whom, under the statute, notice must be given would be out of town and far away." Lamberti v. Stamford, supra, 400. Similarly, "[t]aking an appeal requires action not only by the appellant; it also requires action by the clerk of court who is to receive the appeal. [Citation omitted.] It is impossible to file an appeal . . . if the clerk's office is closed." Evergreen Cooperative, Inc. v. Michel, 36 Conn. Sup. 541,543 (Super Ct. 1980). "[W]here the last day of the period falls on a holiday, not to permit . . . [the application for appeal] to be filed on the succeeding day would be to cut down the time permitted for . . . [filing the appeal] from . . . [thirty] to . . . [twenty-nine] days, or, if the holiday followed a Sunday, to . . . [twenty-eight] days. We cannot believe that the legislature had such an intention." Lamberti v. Stamford, supra, 400. See General Statutes, Sec. 51-347c
and Practice Book, Sec. 405. ("If the last day for filing any matter in the clerk's office of the superior court falls on a CT Page 9746 day on which such office is closed, the last day for such filing shall be the next business day.") Accordingly, the court finds that the plaintiff timely filed the application for appeal.
Finally, in order to have a legal right to an appeal, the plaintiff must have posted the required bond. In the complaint, the plaintiff sets forth that "Sidney Burger, of Ridgefield, CT, is recognized in the sufficient sum of $250.00 to prosecute, etc." The security requirements for appeals from probate are set out in General Statutes, Sec. 45a-186 which provides in pertinent part:
 "[e]xcept in the case of an appeal by the state, such person shall give security for costs in the amount of one hundred fifty dollars, which may be paid to the clerk, or a recognizance with surety annexed to the appeal and taken before the clerk or a commissioner of the superior court or a bond substantially in accordance with the bond provided for appeals to the supreme court."
The foregoing indicates that the plaintiff has posted the required bond.
Finally, the last element which the court must find prior to issuing a writ of mandamus is the plaintiff's lack of an adequate remedy at law. In the present case, according to the memorandum of law filed by the defendant, Patricia Dzamko, the probate court disallowed the plaintiff's application for allowance of appeal because the application "was not timely filed within thirty (30) days." After the Probate Court denied the plaintiff's application, the plaintiff appealed directly to the Superior Court. "A party cannot appeal directly from a refusal to allow an appeal, but may apply to a higher court for a writ of mandamus to compel the Probate Court to allow the appeal." (Citations omitted.) Haylett v. Commission on Human Rights Opportunities, supra, 550. Consequently, it is clear that the plaintiff lacks an adequate remedy at law.
In conclusion, the court finds that the plaintiff complied with General Statutes, Secs. 45a-186 and 45a-187 and, as a result, the Probate Court Judge had a mandatory duty to allow the plaintiff's appeal. Therefore, the plaintiff's application for a writ of mandamus ordering the Probate Court to allow the CT Page 9747 appeal is granted.
West, J.