[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CLAIM FOR EXEMPTION
In this case the plaintiff commenced an action on promissory notes against the defendant Gross. The action was commenced prior to October 1, 1992 and as part of the CT Page 9568 commencement of the action the plaintiff garnished a certain capital appreciation fund of the Phoenix Home Life Mutual Insurance Company. In fact there is no capital appreciation fund of this company. In fact a subsidiary of this company, Phoenix Equity Planning Corporation, has the fund. Upon learning of the mistake, the plaintiff moved to cite in Phoenix Equity as an additional garnishee and this motion appears to have been granted on November 16, 1992.
The plaintiff filed a motion for judgment which was granted on May 12, 1993, and has filed an execution against the garnishee. The garnishee, within the twenty day time period provided for in Section 52-361b(d)(2) of the General Statutes, has filed a claim for exemption in behalf of the defendant Kenneth Gross. Public Act 92-215 exempted I.R.A.'s which is the subject of the garnishment in this matter and that statute went into effect on October 1, 1992. The garnishee, Phoenix Home Life, claims that an improper service was made on it prior to October 1, 1992 and any proper service was made after October 1, 1992 so that any I.R.A. would be exempt.
The plaintiff argues that the claim for exemption is not properly before the court since the garnishee under the previously mentioned statute has no standing to make the claim but only provides that "a judgment debtor may claim an exemption," see subsection (d). Furthermore, it is said, even if the request to exempt is somehow before the court the debtor should be estopped from claiming defective service before October 1, 1992 since the plaintiff relied on incorrect information supplied by the debtor in commencing the action. The plaintiff also notes that the garnishee is a subsidiary of Phoenix Home Life. A Joyce Schmidt accepted service for both corporations, the court sent out notice of the exemption hearing to Ms. Schmidt and on the basis of that notice the attorney for the garnishee has appeared in court to argue for the exemption. Oddly enough despite the claim of separate corporate entities and that Phoenix Home Life held no funds the claim for exemption filed on July 7, 1992 is signed "Joyce R. Schmidt — Paralegal for PHL Insurance Company." The exemption claimed is number (m) which refers to the I.R.A. exemption. Though one would expect that the execution statutes would be simple and straightforward, an examination of them reveals that that is not the case at least as it applies to the matter before the court. CT Page 9569
Section 52-356a(a)(1) of the General Statutes indicates that an execution may issue only "against the nonexempt personal property of the judgment debtor." That would arguably suggest that even if a claim for exemption is not made by the judgment debtor under Section 52-361b(d) no execution should lie against property that is in fact exempt. If it is said that subsection (d) solves that question by providing that a claim for exemption must be made by the debtor or all his rights are lost, what is the meaning of subsection (g) of Section 52-361b.
That subsection provides:
 (g) Failure by a judgment debtor to file a claim under this section shall not relieve the judgment creditor or levying officer from liability for return of any exempt property which has been levied on or for payment to the judgment debtor of any proceeds realized from the sale thereof. . . .
Also failure to make proper service on the garnishee is not one of the exemptions the judgment debtor can list and as long as proper service was eventually made, as is the case here, the garnishee would appear to have no discretion but to deliver the property to the creditor subject to a claim for exemption properly before the court. Fairness then would require that under the unusual circumstances of this case the debtor in making his I.R.A. exemption claim could have raised the issue of the actual date of service on the garnishee. That question is, of course, determinative of his right to claim the exemption.
But the debtor must comply with the statute to claim an exemption and the claim for exemption is the only matter before the court. The statutory language makes clear that only the judgment debtor can make such a claim, not the garnishee. Therefore the exemption should be denied.
The court should note one further unusual factor in this case. It is the court's understanding that, in fact, the only exemption claim before the court is one filed by Phoenix Home Life and this is date stamped July 7, 1992 well within the twenty day period for filing the claim for exemption. When the court examined the file it noted that another claim for CT Page 9570 exemption is in the file signed by Kenneth Gross. This is no date stamp on this form and it is dated either 7/11/93 or 7/17/93. If, in fact, the document was filed on July 7, 1993 it was properly filed within the twenty day period, Lamberti v. City of Stamford, 131 Conn. 396, 398 (1944). The court cannot ascertain whether the date on the form is "11" or "17" and when Mr. Gross might have filed this application. Oddly the claim filed by Phoenix Home Life on July 7, 1992 appears to be a copy of this other document signed by Mr. Gross on a later date. When this matter was argued before the court, the court assumed that the only exemption claim being argued was the one filed July 7, 1992 and signed by Ms. Schmidt in behalf of Phoenix Life. In any event a notice of this hearing on the exemption claim was sent to Mr. Gross and he did not appear and/or ask to be heard on the matter.
The exemption as indicated is denied.
Corradino, J.