[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
Robinson Cole for plaintiff.
Assistant Attorney General Anne O'Leary for defendant.
The issue in these cross motions for summary judgment is whether a claim for refund may be filed with the Commissioner on Monday when the last day for filing falls on the preceding Sunday.
General Statutes Section 12-425(2)[1] allows a claim for refund to be filed within three years from the last day of the month succeeding the period for which the overpayment was made.
The parties stipulated to the following facts. Plaintiff taxpayer is a New York corporation having its principal place of business in Huntington, New York. Plaintiff was registered to do business in Connecticut. Plaintiff filed its sales and use tax return for the taxable year calendar quarter ending December 31, 1989 with a payment in full for all taxes shown due on the return.
On February 1, 1993, plaintiff filed a claim for tax refund of $16,272.93 on an amended fourth quarter 1989 Sales Tax Return The filing on February 1, 1993, except for not being filed within the three year period, was properly made by certified mail. On February 17, 1993, the Commissioner disallowed the claim because it was filed after the statute of limitations had expired on January 31, 1993.
The parties agree that pursuant to General Statutes § 12-425(2), the last day to file a claim for refund, within the three year period, would have been on Sunday, January 31, 1993. CT Page 7727-A
Plaintiff argues that its filing of the refund claim on February 1, 1993 is valid for two reasons. First, General Statutes § 12-425(2) must be read in conjunction with General Statutes § 12-39a[2]
permits "any act which is Statutes § 12-39a. Section 12 required or permitted to be performed, by a taxpayer" and which falls on a Sunday to be performed on the next succeeding day. Second, the common law rule permits a filing on Monday if the date for performance fails on a Sunday.
The Commissioner argues that § 12-39a is inapplicable to a claim for a refund since this statute only refers to the situation when the final day for payment of the tax occurs on a Sunday, not the final day for filing a refund claim. The Commissioner reasons that since § 12-39a relates only to those taxes under the Internal Revenue Code, this statutory provision would be inapplicable to sales and use tax statutes which deal purely with state taxes. This argument ignores the fact that all taxes enacted by the legislature are state taxes. The State of Connecticut does not divide its taxes into federal taxes and state taxes as suggested by the Commissioner. Connecticut is a sovereign state with the authority to raise its own taxes whether it be sales and use taxes, cigarette taxes, alcoholic beverages taxes, motor vehicle fuel taxes, corporate business taxes, insurance company and hospital and medical services corporation taxes, income taxes, or any other taxes. See TheState ex rel. Brush v. Sixth Taxing District, 104 Conn. 192, 198,132 A. 561 (1926). "The taxing power is an inherent attribute of sovereignty and as such unlimited in character and scope save as limitations may be self-imposed. . . .'" Id., citing State v. Murphy,90 Conn. 662, 666, 98 A. 343 (1916).
The reference in § 12-39a to the performance of any act by a resident of this state under the Internal Revenue Code can only be attributed to the general notion that federal tax concepts have been adapted to Connecticut tax laws. SLI International Corp. v.Commissioner, Superior Court, Tax Session, Docket No. 0519789, slip op. at 17 (August 12, 1994). Section 12-39a specifically incorporates § 7503 of the Internal Revenue Code of 1986 which provides: "When the last day prescribed under authority of the internal revenue laws for performing any act fails on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered timely if it is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday. For purposes of this section, the last day for the performance of any act shall be determined by including any authorized extension of time; the CT Page 7727-B term `legal holiday' means a legal holiday in the District of Columbia; and in the case of any return, statement, or other document required to be filed, or any other act required under authority of the internal revenue laws to be performed, at any office of the Secretary, or at any other office of the United States or any agency thereof, located outside the District of Columbia but within an internal revenue district, the term `legal holiday' also means a Statewide legal holiday in the State where such office is located."
In interpreting § 7503, Treasury Regulation § 301.7503-1 provides that where the taxpayer files for a tax refund, as in the present case, and when the last day for filing occurs on a Sunday, the taxpayer can timely file his or her claim for refund on the next succeeding day which in this case would be Monday.
We conclude that § 12-39a, since it incorporates the provisions of § 7503 of the Internal Revenue Code, allows the extension of time to file a claim for refund from Sunday to the next succeeding day, Monday.
Our conclusion that the taxpayer's filing a claim for refund on Monday was proper also comports with Connecticut's common law practice in extending a filing date when the last day for filing fails on a Sunday. Small v. South Norwalk Savings Bank,205 Conn. 751, 757-58, 535 A.2d 1292 (1988).
The common law concept on the extension of filing when the date for performance falls on a Sunday goes back to Avery v.Stewart, 2 Conn. 69, 73 (1816). In Avery, the issue was whether a promissory note calling for payment in sixty days could have the due date extended when the sixtieth day fell on a Sunday. The court in Avery reasoned that the obligor was not bound to perform the contract before the time of payment was due. Id. Since Sunday contracts were unlawful in 1816, the only way to solve the problem with "justice to all the parties . . . [was] the correct rule . . . that when an obligation falls due on Sunday, the obligor shall be bound to tender a performance of it on the succeeding day." (Emphasis in original.) Id.
The Commissioner argues that the common law does not apply in the present action because the time limitations in § 12-425(2) have been set by statute not by common law. A number of cases dealing with statutory time limitations have ruled otherwise. InSommers v. Adelman, 90 Conn. 713, 714, 99 A. 50 (1916), our statutes dealing with the procedure for taking an appeal within CT Page 7727-C ten days after rendition of judgment was held to mean that when the tenth day fell on a Sunday, the appeal could be filed on the following day, Monday. Also, dealing with the statutory notice of appeal to be filed within one week after the acceptance of a jury verdict, Alderman Bros. Co. v. Westinghouse Air Brake Co.,91 Conn. 383, 385, 99 A. 1040 (1917), held that when the last day for filing the notice was on a Sunday, the appeal may be filed on the next day. In Lamberti v. Stamford, 131 Conn. 396,40 A.2d 190 (1944), the issue was whether a ten day statutory notice, required to be given to municipalities before suit, could be extended one day when the tenth day fell on Christmas. Lamberti
considered the issue as a matter of statutory construction. Id., 400. In deciding the issue, the court in Lamberti stated "[P]ractically, where the last day of the period falls on a holiday, not to permit the notice to be filed on the succeeding day would be to cut down the time permitted for giving the notice from ten to nine days, or, if the holiday followed a Sunday, to eight days. We cannot believe that the legislature had such an intention."
As in Sommers, Alderman Bros. Co., and Lamberti, the present action deals with a statutory time limitation where the last day for complying with the statute falls on a Sunday. In Connecticut cases construing the common law, the legislative intent was expressed as being in favor of extending the time for filing when the last day fell on a holiday or Sunday. Similarly, the legislative reference in § 12-39a to § 7503 of the Internal Revenue Code, which deals with extending the filing date of "any act" falling on a Sunday to the next day, clearly expressed a legislative intent that § 12-39a should apply to the filing of a refund claim as well as to paying taxes.
The issue in this case will not arise in the future since the legislature, in P.A. 93-73, § 3, amended § 12-39a to eliminate the words "for payment of any tax" which forms the basis for the Commissioner's claim.
Based upon the foregoing analysis, we conclude that the taxpayer's filing on February 1, 1993 was a proper filing and came within the three year limitation for filing for refund claims as set forth in § 12-425(2) and § 12-39a. Accordingly judgment may enter for the plaintiff.
Aronson, Judge. CT Page 7727-D