[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #110
On December 29, 1995, the plaintiff, Mary Brennan, filed a complaint against the defendant, the Town of Fairfield, alleging that she suffered injuries as a result of a defective sidewalk allegedly under the control of the defendant. According to the amended complaint dated November 6, 1996, the plaintiffs injury occurred on December 19, 1993. Furthermore, according to the complaint, the plaintiff gave notice of the injury to the defendant, as required by General Statutes § 13a-149, on March 16, 1994. CT Page 11503
On August 7, 1998, the defendant filed a motion to dismiss the complaint on the ground that the plaintiff did not provide timely notice and thus the court lacks subject matter jurisdiction, to hear the case. The plaintiff filed an objection to the motion to dismiss on August 11, 1998 to which the defendant replied on August 13, 1998. The plaintiff filed two supplemental memoranda on August 27 and August 31, 1998. Argument was heard at short calendar on August 31, 1998.
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v. MetalProducts Corp., 44 Conn. App. 446, 451-52, 689 A.2d 1145 (1997). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction . . . The point has been frequently made." (Citations omitted; internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Peabody. N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996).
General Statutes § 13a-149 states, in relevant part, that: "No action for any injury [caused by a defective road] shall be maintained against any town . . . unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town . . . General Statutes § 13a-149. The defendant argues that it received notice of the injury on March 21, 1994. Since the injury allegedly occurred on December 19, 1993, the defendant maintains that the last day to give notice under the statute would have been March 19, 1994, and thus the court lacks subject matter jurisdiction to hear the case.
The plaintiff argues that because the clerk's office for the town of Fairfield was closed on March 19, 1994 (a Saturday) and March 20, 1994 (a Sunday), it was impossible to give notice to the defendant until March 21, 1994 Moreover, the plaintiff maintains that she mailed notice to the defendant on March 19, 1994, and thus even if the notice was received two days later, it CT Page 11504 still must be considered timely.
The plaintiff relies in part on the decision of the Connecticut Supreme Court in the case of Lamberti v. Stamford,131 Conn. 396, 40 A.2d 190 (1944). In that case, the court held that when the last day to provide notice falls on a legal holiday (during which the clerk's office would be closed), notice would be timely if given the next day that the clerk's office would be open. Lamberti v. Stamford, supra. 131 Conn. 400-01. The plaintiff argues that the logic of Lamberti applies to the present case since, as in Lamberti, notice was given the very day the clerk's office reopened following a closure. See Cayo v. Cityof Norwalk, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292351 6 CONN. L. RPTR. 536 (June 11, 1992, Lewis, J.)("[i]n a highway defect case against a city, its clerk must be served with notice, and if the office is closed, service at that location is impossible").
The holding in Lamberti is factually distinguishable from the present case and thus inapplicable. The holding in Lamberti
addresses situations where the final day to give notice is a legal holiday. The Lamberti case does not stand for the proposition that notice is timely if given to the clerk the day after the ninetieth day if the clerk's office is closed on the ninetieth day for any reason whatsoever. See Norwich Land Co. v.Public Utilities Commission, 170 Conn. 1, 5, 363 A.2d 1386
(1975); Rapid Motor Lines, Inc. v. Cox, 134 Conn. 235, 239.56 A.2d 519 (1947); see also Johnston v. Mohawk Northeast. Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 040968 (January 12, 1993, Jones, J.). As the defendant argues in its reply memorandum of law, various offices of the town clerk are closed at various times throughout the week. An interpretation of Lamberti as suggested by the plaintiff would create nonuniform grace periods that could ultimately extend the statutory time period of § 13a-149 well beyond the ninety days provided therein. Such a deviation from the period provided by statute would contradict the Connecticut Supreme Court's holding that the statutory time requirement for giving notice under § 13a-149 is to be strictly construed. See Sanzone v.Board of Police Commissioners, 219 Conn. 179, 198, 592 A.2d 912
(1991) ("[t]he plaintiff who fails within ninety days to provide the municipality with the statutorily required notice will be barred from recovery").
Furthermore, the plaintiff's mailing of the notice on the CT Page 11505 last day of the statutory period does not meet the requirements of providing timely notice. The actual "giving" of notice has been interpreted as requiring actual delivery and thus the mailing of a notice received several days later cannot suffice. See Rapid Motor Lines. Inc. v. Cox, supra, 134 Conn. 237-38. See also Fabiano v. Town of Wolcott, Superior Court, judicial district of Waterbury, Docket No. 140495 20 CONN. L. RPTR. 564 (September 8, 1997, Pellegrino, J.) ("the requirement that notice be given contemplates that the notice be delivered and that simple mailing of the notice is not sufficient compliance with the requirements of the statute").
In the present case, notice was not received by the defendant town within the ninety day statutory period. As a result, the filing of notice was not timely. The Lamberti decision does not extend the period of filing statutory notice whenever the last day of the period coincides with a day that the town clerk's office is closed. Moreover, the statute calls for the actual giving of notice and not merely the timely mailing of notice. The defendant's motion to dismiss the plaintiffs complaint is granted.
BALLEN, J.
Editor's Note: Cayo v. Norwalk reaches the opposite conclusion of this opinion, holding that the filing deadline is extended if the 90-day period ends on a Saturday.