[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants in the above entitled action have filed a motion for summary judgment on the basis that the plaintiffs cause of action is claimed to be barred by the statute of limitations as set forth in Connecticut General Statutes § 30-102, the Dram Shop Act.
FACTS
The plaintiff, Bryan Neligon, filed a complaint on July 25, 2000, alleging four counts against two defendants, Port Associates, LLC d/b/a Harbor Park Restaurant, the restaurant backer, and Linda Bartslotta, the restaurant permittee. Counts one and two allege dram shop claims, pursuant to General Statutes § 30-102, against Harbor Park and Bartslotta, respectively. Counts three and four allege claims of negligence against the same defendants.
The plaintiff alleges that on July 15, 1999, at approximately 12:00 midnight. a fight occurred between Salvatore Morello and the plaintiff, resulting in physical harm to the plaintiff. The plaintiff alleges that the defendants sold alcohol to Morello, who was intoxicated at the time, and who, in the consequence of such intoxication, caused physical injury to the plaintiff. CT Page 14015
On May 25, 2001, the defendants filed an answer and asserted three special defenses. Their first special defense alleges that the plaintiffs claims are barred by the statute of limitations.[1]
On May 29, 2001, the defendants filed a motion for summary judgment on counts one and two of the plaintiffs complaint. The defendants move for summary judgment on the ground that there is no genuine issue of material fact that the plaintiffs dram shop claims are barred by the applicable statute of limitations, General Statutes § 30-102, and that the defendants are entitled to judgment as a matter of law. In support of their motion for summary judgment, the defendants filed a memorandum of law and copies of the sheriff's return and affidavit of service; the originals of these documents were returned to court on July 25, 2000, by Deputy Sheriff John Lepito. Both documents indicate that on July 17, 2000, the plaintiff delivered the writ, summons and complaint to the sheriff. Subsequently, the sheriff served process on the defendant Port Associates on July 17, 1999, and on the defendant Linda Bartslotta on July 18, 1999.
On June 13, 2001, the plaintiff filed a memorandum of law in opposition to the defendants' motion for summary judgment, accompanied by a copy of a Middletown police report (Exhibit A) and the affidavit of the sheriff (Exhibit B).
DISCUSSION
Practice Book § 17-49 provides that "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Appleton v. Board of Education of Stonington, 254 Conn. 205, 209,757 A.2d 1059 (2000). "A material fact has been defined adequately and simply as a fact which will make difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. Urban DevelopmentCommission, 158 Conn. 364, 378, 260 A.2d 596 (1969). "Summary judgment may be granted where the claim is barred by the statute of limitations."Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
The defendants argue in their memorandum in support of their motion for summary judgment that the motion should be granted "as to the Dram Shop claims, in Counts One and Two, for the reason that there is no genuine issue as to any material fact that those claims are barred by the applicable statute of limitations." The defendants claim that the fight occurred on July 15, 1999, and that the defendants were served more than one year after the fight. The defendants argue that the sheriff's return CT Page 14016 and affidavit of service establish that the writ, summons and complaint were delivered to the sheriff on July 17, 2000, two days after the statute of limitations had run on the dram shop claims.
The plaintiff argues in opposition that summary judgment should be denied because he delivered process to the sheriff within the Dram Shop Act's statute of limitations. The police report, which the plaintiff submitted in support of his opposition, indicates that the fight occurred at 11:40 p.m. on July 16, 1999.[2] He states, in his memorandum of law that "[a]ssurning that the incident did occur on July 16, 1999, the one year statute of limitations for service of a dram shop act was met by the plaintiff. A year, being 365 days, would necessary indicate that day one would have been July 17, 1999, thus one year from that date would be July 17, 2000-the day upon which the sheriff received the writ summons and complaint for service."
General Statutes § 30-102 provides in pertinent part that "[n]o action under the provisions of this section shall be brought but within one year from the date of the act or omission complained of." General Statutes § 52-593a provides that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought. if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within fifteen days of the delivery." Section 52-593a "becomes operative only where the process has been delivered before the running of the statute of limitations . . . the serving officer . . . attest[ed] to the date of delivery . . . and the process is served within fifteen days of the date of delivery." (Internal quotation marks omitted.) Gillette v. Knaus Development Company, Superior Court, judicial district of Waterbury, Docket No. 155985 (Sep. 28, 2000,Wiese, J.); see also Stingone v. Elephant's Trunk Flea Market,53 Conn. App. 725, 730, 732 A.2d 200 (1999).
The parties do not dispute that the process to be served on the defendants was delivered to Lepito on July 17, 2000. The issue then is whether delivery to Lepito on that date complies with the requirements of § 30-102.
To have complied with the statute of limitations found in § 30-102, the plaintiff must have delivered process to the sheriff within one year, 365 days, of the date of the act or omission complained of. In this case, the act complained of is the fight that injured the plaintiff and the parties disagree over whether the fight occurred on July 15, 1999 or July 16, 1999.
"It is well settled that the day of the act from which a future time is CT Page 14017 to be ascertained is to be excluded from the computation." (Citations omitted.) Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1,3, 363 A.2d 1386 (1975) Lamberti v. Stamford, 131 Conn. 396, 397-398, A.2d 190 (1944). In Lamberti, the statute of limitations was ten days.[3]
In computing the ten-day statute of limitations, our Supreme Court excluded the day of the injury and fixed the tenth day as the final day in which process could be delivered. Specifically, the court excluded the date of the injury, December 15, found the first full day to be December 16 and found the tenth day to be December 25. The court noted that December 26 would have been the eleventh day. Lamberti v. Stamford, supra, 131 Conn. 398.
Applying this rule to the present case, it is apparent that the plaintiff's delivery of service to the sheriff was two days late. Giving the benefit of the doubt to the plaintiff and assuming, arguendo, that the fight occurred on July 16, 1999, this day would be excluded from computing the statute of limitations. The first day would be July 17, 1999,[4] making July 15, 2000 the 365th day. It is important to note, that year 2000 was a leap year. As it added a day to February, it resulted in July 15, 2000 being the 36th day, as opposed to July 16 in a non-leap year. Both the sheriffs return and affidavit of service indicate that the plaintiff delivered the writ, summons and complaint to the sheriff on July 17, 2000. The plaintiff, therefore, delivered service two days after the statute of limitations had run.
Accordingly, the defendants motion for summary judgment is granted.
 ___________________ Gilardi, J.