[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Court finds that this appeal was dated and served on May 26, 1998 the day after Memorial Day. However, publication of the commission's decision was made on May 10, 1998 so the appeal was not served within the mandatory 15-day period. Section 8-8 (b), Connecticut General Statutes mandates that an appeal from a decision of a Zoning Commission shall be served on the chairman or clerk of the Board and by leaving a copy with the clerk of the municipality within 15 days from the date that the notice of decision was published. Clearly, plaintiff's appeal was not served within the requisite period. See Russell v. Zoning Board ofAppeals of Waterford, 2000 Conn. Sup. 12228; Gillette v. Knaus DevelopmentCompany, LLC, et al, 2000 Conn. Sup. 11945, 28 Conn.L.Rptr. 277. The legislature only excepted administrative appeals from the saving provisions of § 52-593a Conn. Gen. Statutes. Celano v. Scasino,1997 Conn. Sup. 385460, 19 Conn.L.Rptr. 183. Untimely service implicates subject matter jurisdiction. It is conceded by all parties that the saving statute is not applicable to the present case so that § 52-593a
(a) is inapplicable.
Plaintiff argues that because May 28, 1998 was Memorial Day and the court being closed to return the appeal on the following day, May 26, 1998 was permissible and allowed for a late return. Plaintiff's reliance on Lamberti v. Stamford, 131 Conn. 396 (1944) is misplaced. Lamberti
involved the 10-day requirement for written notice to the city clerk claiming a fall on a defective sidewalk. The city clerk's office was closed on Christmas day so the court in a 3-2 decision found that filing of notice on the day after Christmas was sufficient compliance with the then existing statute. In the present case the appeal must be served by leaving a true and attested copy of process with, or at the actual place of abode of, the chairman or clerk of the board, and by leaving a copy with the clerk of the municipality. In the present use no one was served prior to May 26, 1998 after the time had expired. The claim that process could not be served because May 25, 1998 was Memorial Day is futile CT Page 2959-y because the citation, bond, and recognizance were signed the day after Memorial Day (May 26, 1998) and after the last day for service.
The appeal is dismissed.
OWENS, J. CT Page 2960