******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BO KIM *v.* STEPHEN EMT ET AL.
(AC 35641)

Lavine, Mullins and Borden, Js.

*Argued September 10—officially released October 21, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Sferrazza, J.)

*Gregory P. Klein* filed a brief for the appellant
(plaintiff).

*Dennis M. McManus*, for the appellees (defendants).

*Opinion*

BORDEN, J. The sole issue in this appeal is whether the Memorial Day holiday provides a common-law grace period that extends the statute of limitations for serving process in a negligence action when the terminal date of the statute falls on that legal holiday. The plaintiff, Bo Kim, appeals from the judgment of the trial court rendering summary judgment in favor of the defendants, Stephen Emt and DCFS Trust. The plaintiff claims that the trial court improperly determined that the Memorial Day holiday does not provide a grace period that extends the statute of limitations, more particularly, the time in which a would-be plaintiff may deliver materials to a state marshal for service of process on the defendants. We affirm the judgment of the trial court.

The following undisputed facts are relevant to this appeal. On May 28, 2010, the plaintiff was injured in a motor vehicle accident. The plaintiff was a passenger in a vehicle being driven northbound on Interstate 95 when a motor vehicle, owned by DCFS Trust and driven by Emt, collided with the rear of the plaintiff's motor vehicle. The plaintiff alleged that the accident was caused by Emt's negligence. The plaintiff delivered a summons and complaint for service to a state marshal on May 29, 2012. The defendants were served with that summons and complaint the next day. In response to the complaint, the defendants filed a special defense alleging that the action was barred by the applicable statute of limitations, General Statutes § 52-584.[1]

The defendants filed a motion for summary judgment on the ground that the plaintiff's action was barred by § 52-584. The court granted the motion and rendered summary judgment in favor of the defendants. This appeal followed.

On appeal, the plaintiff claims that the court improperly concluded that the defendants were entitled to judgment as a matter of law because it had failed to apply the common-law "holiday rule." Pursuant to § 52-584, the two year statute of limitations for commencing a negligence action against the defendants expired on May 28, 2012. May 28, 2012, was, however, Memorial Day, a state and federal holiday that falls on the last Monday in May. See 5 U.S.C. § 6103 (a); General Statutes § 1-4. The plaintiff argues that the holiday rule, as articulated in *Lamberti* v. *Stamford*, 131 Conn. 396, 401, 40 A.2d 190 (1944), requires that the statute of limitations be extended to the next available day whenever the statute's terminal date falls upon a state holiday. She further argues that, pursuant to General Statutes § 52-593a (a),[2] because she delivered the summons and complaint to the state marshal on May 29, 2012, the next available day, the action was timely within the statute of limitations. We disagree.

"An appellate court's review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Roe #1* v. *Boy Scouts of America, Corp.*, 147 Conn. App. 622, 639, 84 A.3d 443 (2014). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id., 640; see also Practice Book § 17-49. "A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) *Norse Systems, Inc.* v. *Tingley Systems, Inc.*, 49 Conn. App. 582, 591–92, 715 A.2d 807 (1998).

The plaintiff in the present case does not challenge the trial court's determination that there were no genuine issues of material fact. We therefore only address whether the court properly rendered judgment as a matter of law. See Practice Book § 17-49. As the issue in this appeal concerns only a question of law, "this court reviews such claims de novo." *Norse Systems, Inc.* v. *Tingley Systems, Inc.*, supra, 49 Conn. App. 592.

The parties agree that if the delivery of materials for service of process to a marshal on May 29, 2012, was valid, the subsequent service by the marshal on the defendants the next day would be proper under the savings provision of § 52-593a (a). See *Tayco Corp.* v. *Planning & Zoning Commission*, 294 Conn. 673, 674, 986 A.2d 290 (2010). The question of whether summary judgment was properly rendered in the present case therefore turns on the applicability of the holiday rule to the statute of limitations when providing materials for service of process to a state marshal.

The common-law roots of the holiday rule are predicated on the idea that an individual should not be penalized for being late in performing an act when it was legally impossible to do so on the last available day. See, e.g., *Avery* v. *Stewart*, 2 Conn. 69, 73 (1816) (promissory note's payment schedule extended single day when due date fell on Sunday and performance would be unlawful). The rule, in its many forms over Connecticut history, has long been held to apply when there was no means to perform the necessary action due to impossibility, such as the performance of contracts on a Sunday. See *Sands* v. *Lyon*, 18 Conn. 18, 18–19, 31 (1846) (fulfillment of condition on estate extended one day due to last day of period falling on Sunday).[3]

Central to the holiday rule's application is the notion that compliance with the mandatory language in a statute may be impossible due to public officers being unavailable to receive notice during holidays. See *Lam-*

*berti* v. *Stamford*, supra, 131 Conn. 400. In *Lamberti*, the holiday rule was applied when the last day to give notice to a municipal official was on a legal holiday. Id., 401. The court noted that "[c]ertainly when the legislature declares a day to be a holiday, it means at least to free public officers from the obligation of keeping open their offices or attending to their duties that day, and it might well be that on such a day the officer or officers of a municipality to whom, under the statute, notice must be given would be out of town and far away." Id., 400. The court reasoned that, if the holiday rule were not applied, the plaintiff would be deprived of the complete statutory period to which he would otherwise be entitled. Id.

More recent applications of the holiday rule similarly have been based on the concept of impossible performance through unavailability. In *Brennan* v. *Fairfield*, 255 Conn. 693, 701–702, 768 A.2d 433 (2001), the court held that the holiday rule was applicable to the notice requirement of General Statutes § 13a-149 when the municipal office that was to receive notice was closed, and the alternative would be to deprive individuals of the full ninety day period provided under the statute to give notice. In contrast, this court has declined to apply the holiday rule when it was not shown that performance was legally impossible. See *Hanson* v. *Department of Income Maintenance*, 10 Conn. App. 14, 17–18, 521 A.2d 208 (1987) (declining to apply holiday rule when it was not shown that all nearby post offices accepting registered or certified mail were closed on Sunday).

In the present case, it is undisputed that Memorial Day is a legal holiday. The plaintiff, however, has neither alleged nor shown that she could not legally comply with the statute of limitations under § 52-584. For example, although it was once impossible to provide legal service on Sundays pursuant to General Statutes (Rev. to 1975) § 52-71, the trial court correctly noted that any such prohibition was repealed more than thirty years ago. See Public Acts 1976, No. 76-415, § 9; see also footnote 3 of this opinion.

Furthermore, the plaintiff has not claimed there is a genuine issue of material fact as to her ability to contact a state marshal on Memorial Day. Instead, the plaintiff argues that state marshals are subject to the same mandatory closure on state holidays as the courts and officers of the Judicial Branch. Under General Statutes § 5-254 (a), full-time, permanent state employees, such as judicial officers, are excused from work during state holidays. See *Secretary of OPM* v. *Employees' Review Board*, 267 Conn. 255, 263, 837 A.2d 770 (2004). State marshals are not, however, state employees and are explicitly forbidden from employment by the state while they are serving as marshals.[4] General Statutes § 6-38b (i). Rather, state marshals are independent contractors;

General Statutes § 6-38a (a); see also *Page* v. *State Marshal Commission*, 108 Conn. App. 668, 673, 950 A.2d 529, cert. denied, 289 Conn. 921, 958 A.2d 152 (2008); who, therefore, are not subject to mandatory closure on state holidays. Although, as the trial court noted, "a plaintiff might encounter inconvenience and logistical difficulties in effecting delivery to a [state] marshal on a holiday, no legal impediment bars such delivery."

Our Supreme Court in *Nine State Street, LLC* v. *Planning & Zoning Commission*, 270 Conn. 42, 44–45, 850 A.2d 1032 (2004), extended the time allotted for service of process in an appeal from the decision of a zoning board under General Statutes § 8-8 (b) when the terminal date fell on Memorial Day. The present case, however, is distinguishable from *Nine State Street, LLC* for two reasons: first, the service of process under § 8-8 (f) requires filing paperwork with municipal officials whose offices may be closed on Memorial Day; and, second, because § 8-8 (p) requires that the procedure under that section be interpreted liberally to prevent "surprise or injustice." No such provision exists in conjunction with § 52-584.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ."

[2] General Statutes § 52-593a (a) provides in relevant part: "[A] cause or right of action shall not be lost because of the passage of time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of the delivery."

[3] The statutes known as "Blue Laws" and the common law, for much of Connecticut's history, forbid most forms of labor on Sundays, including the creation of contracts. See, e.g., *Finn* v. *Donahue*, 35 Conn. 216, 217 (1868); see also M. Bologna, "A Critical History of Connecticut Sunday Closing Legislation Since 1955," 12 Conn. L. Rev. 539, 539 n.3 (1980); Hinman, R.R., The Blue Laws of New Haven, Usually Called the Blue Laws of Connecticut (Case, Tiffany & Co., Eds. 1838) pp. iii–iv, 206. Connecticut's Sunday "Blue Laws" regarding labor and contracts find their roots in the 1656 code of the New Haven Colony, which included regulations on the election of governors, the consumption of alcohol, the manufacturing of barrels, and the elimination and hunting of wolves. R. Hinman, supra, pp. iv, 142–43, 161, 191, 221. A modern incarnation of these laws, passed in 1978, was held unconstitutional and no longer is in force within this state. See *Caldor's, Inc.* v. *Bedding Barn, Inc.*, 177 Conn. 304, 305, 325, 417 A.2d 343 (1979). Similarly, service of process on a Sunday was invalid pursuant to statute as part of the "Blue Laws." General Statutes (Rev. to 1975) § 52-71. Section 52-71 was repealed by the legislature in 1976 and is no longer in force. Public Acts 1976, No. 76-415, § 9.

[4] We note that under our statutory scheme, judicial marshals are considered separate and distinct from state marshals, and are considered state employees of the Judicial Branch under General Statutes §§ 6-32d (b) and 6-32f (a). We also note that the employment restriction does not apply to individuals employed both as state marshals and deputy sheriffs prior to April 27, 2000, under General Statutes § 6-38b (i).