NINE STATE STREET, LLC *v.* PLANNING AND
ZONING COMMISSION OF THE CITY
OF BRIDGEPORT ET AL.
(SC 17110)

Borden, Katz, Vertefeuille, Zarella and Leavitt, Js.

Argued April 14—officially released July 6, 2004

*Robert G. Golger*, for the appellant (plaintiff).

*Barbara Brazzel-Massaro*, associate city attorney, for the appellees (named defendant et al.).

*Elliott B. Pollack*, with whom, on the brief, was *Christopher J. Smith*, for the appellees (intervening defendant Seaside Village Homes, Inc., et al.).

*Opinion*

KATZ, J. The sole issue in this appeal is whether the fifteen day statutory period for commencing a zoning appeal may be extended when the fifteenth day falls on a legal holiday. The plaintiff, Nine State Street, LLC,

appeals[1] from the judgment of the trial court dismissing its zoning appeal from the named defendant, the planning and zoning commission of the city of Bridgeport (commission),[2] for lack of subject matter jurisdiction. The plaintiff claims that the trial court improperly concluded that its zoning appeal was untimely because service of process had not been made within the fifteen day period prescribed by General Statutes § 8-8 (b).[3] Specifically, the plaintiff contends that, in the present case, because the fifteenth day fell on Memorial Day, a legal holiday, service of process on the sixteenth day constituted sufficient compliance with the statute. We

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] In addition to the commission and Bridgeport city clerk Fleeta Hudson, the plaintiff has cited in, pursuant to General Statutes § 52-107, the following defendants: Seaside Village Homes, Inc.; Ronald Fazekas; Ronald Mackey; Joan Sprague; and Paul Boucher. These defendants had intervened in the underlying zoning commission proceedings, pursuant to General Statutes § 22a-19, in opposition to the plaintiff's application for a special permit. Because the contentions of these defendants are essentially the same as those advanced by the commission and the city clerk, we refer to all of the defendants collectively as "the defendants" and address their claims together.

[3] General Statutes § 8-8 (b) provides: "Except as provided in subsections (c), (d) and (r) of this section and sections 7-147 and 7-147i, any person aggrieved by any decision of a board, including a decision to approve or deny a site plan pursuant to subsection (g) of section 8-3, may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be commenced by service of process in accordance with subsections (f) and (g) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes. The appeal shall be returned to court in the same manner and within the same period of time as prescribed for civil actions brought to that court."

Since the time of the plaintiff's permit application and the appeal from the denial of that application, § 8-8 has been amended specifically to allow appeals from the denial or approval of site plans in subsection (b); see Public Acts 2002, No. 02-74, § 2; and to make other minor technical changes, including the relettering of certain other subsections, that are not relevant to this appeal. For purposes of this opinion, references herein to § 8-8 are to the current revision of the statute.

agree and, accordingly, we reverse the judgment of the trial court.

The record reveals the following undisputed factual and procedural background. In 1998, the plaintiff applied to the commission for a special permit to construct and operate an asphalt production facility. After conducting several public hearings, the commission denied the plaintiff's request. On May 10, 1998, the commission published a public notice of its decision in a newspaper having a general circulation in the municipality. Sixteen days later, on Tuesday, May 26, the day after Memorial Day, the plaintiff served an appeal upon the chairman and clerk of the commission and upon the city clerk. Because process was not served within fifteen days of publication of the commission's decision, as required by § 8-8 (b), the trial court, sua sponte, dismissed the plaintiff's zoning appeal for lack of subject matter jurisdiction. This appeal followed.

On appeal, the plaintiff claims that the timeliness of a zoning appeal is governed by principles applicable to civil actions generally. Applying these principles, the plaintiff therefore claims that service of process on May 26, the sixteenth day, was timely because the fifteenth day fell on a legal holiday, when municipal offices are not required to be open. The defendants contend, in response, that common-law principles are inapplicable in the present case because zoning appeals, like other administrative appeals, are subject to strict statutory filing requirements. The defendants therefore contend that the statutory fifteen day period, set forth in § 8-8 (b), cannot be extended when the fifteenth day falls on a legal holiday. We agree with the plaintiff.

"As a threshold matter, we address our standard of review. We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal

quotation marks omitted.) *Alliance Energy Corp.* v. *Planning & Zoning Board*, 262 Conn. 393, 398, 815 A.2d 105 (2003). "A brief overview of the statutory scheme that governs administrative appeals, including land use appeals, is necessary to our resolution of this issue. There is no absolute right of appeal to the courts from a decision of an administrative agency. . . . Appeals to the courts from administrative [agencies] exist only under statutory authority . . . . Appellate jurisdiction is derived from the . . . statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed. . . . In the absence of statutory authority, therefore, there is no right of appeal from a planning commission's decision . . . ." (Citations omitted; internal quotation marks omitted.) *Brookridge District Assn.* v. *Planning & Zoning Commission*, 259 Conn. 607, 611–12, 793 A.2d 215 (2002).

We note, at the outset, that the plaintiff's claim raises an issue of statutory interpretation. Accordingly, we begin with our well established principles of statutory construction. Our legislature recently has enacted No. 03-154, § 1, of the 2003 Public Acts, which provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." In the present case, the relevant statutory text and the relationship of that text to other statutes do not reveal a meaning that is plain and unambiguous. Accordingly, our analysis is not limited and we look to other factors relevant to the inquiry into the meaning of § 8-8, including its legislative history and the circumstances surrounding its enactment and its purpose.

Section 8-8 (b) provides in relevant part: "[A]ny person aggrieved by any decision of a board . . . may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be commenced by service of process . . . within fifteen days from the date that notice of the decision was published as required by the general statutes. . . ."

Traditionally, the failure to comply strictly with the provisions of § 8-8 (b) rendered a zoning appeal subject to dismissal. See *Spicer* v. *Zoning Commission*, 212 Conn. 375, 378, 562 A.2d 21 (1989). In 1989, however, the legislature amended § 8-8 to include the "savings provisions" of § 8-8 (p) and (q).[4] See Public Acts 1989, No. 89-356, § 1 (p) and (q). Of particular pertinence in the present case is § 8-8 (p), which provides: "The right of a person to appeal a decision of a board to the Superior Court and the procedure prescribed in this section shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the Superior Court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes."

The legislative history underlying the 1989 amendments reveals that they were intended to provide "a greater measure of fairness" to persons seeking to appeal from the decisions of local zoning commissions

---

[4] General Statutes § 8-8 (p) provides: "The right of a person to appeal a decision of a board to the Superior Court and the procedure prescribed in this section shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the Superior Court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes."

Section 8-8 (q) is not implicated in the present case.

and boards of appeal. See 32 S. Proc., Pt. 12, 1989 Sess., p. 4217, remarks of Senator Richard Blumenthal; see also 32 H.R. Proc., Pt. 25, 1989 Sess., p. 8802, remarks of Representative William L. Wollenberg (endorsing "an easing of burdens as far as going forward in [zoning appeals], a more liberal view of these things"). In light of this legislative intent, and in light of the statute's clear directive that "[t]he appeal shall be considered to be a civil action"; General Statutes § 8-8 (p); we conclude that the timeliness of a zoning appeal may be informed by principles applicable to the timeliness of civil actions generally.[5] Therefore, we turn now to a review of those principles.

The legislature has designated Memorial Day, the last Monday of May, as a legal holiday. See General Statutes § 1-4. "At common law, when the terminal day for filing legal papers fell on a holiday . . . the plaintiff was able to make performance on the following day." *Brennan* v. *Fairfield*, 255 Conn. 693, 698, 768 A.2d 433 (2001); see *Alderman Bros. Co.* v. *Westinghouse Air Brake Co.*, 91 Conn. 383, 385, 99 A. 1040 (1917) ("[w]hen the last day of the . . . period [to file an appeal] falls upon a

---

[5] Notwithstanding the express statement in § 8-8 (p), the defendants contend in the present case that zoning appeals are *not* to be considered civil actions. Specifically, the defendants contend, on the basis of language in § 8-8 (p), that a zoning appeal shall be considered to be a civil action, "except as otherwise required by this section or the rules of the Superior Court . . . ." Relying on Practice Book § 14-5, which characterizes an appeal taken pursuant to chapter 124 of the General Statutes, which includes § 8-8, as an administrative appeal, the defendants contend that zoning appeals are *not* to be considered civil actions.

The defendants, however, misread § 8-8 (p). In that provision, the phrase "except as otherwise required by this section or the rules of the Superior Court" immediately follows the phrase, "[t]he appeal shall be considered to be a civil action *and* . . . ." (Emphasis added.) General Statutes § 8-8 (p). It is clear that the word "and" separates the two phrases. Therefore, applying basic rules of English grammar, the phrase "except as otherwise required by this section or the rules of the Superior Court" cannot be read sensibly as modifying the first part of the provision. Therefore, we decline to adopt the defendants' proposed interpretation of § 8-8 (p).

holiday, a notice filed on the following day is seasonably filed").

In *Lamberti* v. *Stamford*, 131 Conn. 396, 40 A.2d 190 (1944), this court addressed the timely notice requirement of the municipal defective highway statute in effect at that time, General Statutes (1930 Rev.) § 1420. Under § 1420, a person who wished to bring a cause of action against a municipality, alleging an injury caused by a road or bridge that was defective due to "snow or ice or both," had to provide the municipality with notice of the injury within ten days of its occurrence. The plaintiff in *Lamberti* had been injured on December 15; therefore, the last day of the ten day statutory period fell on December 25, Christmas, a legal holiday. See General Statutes (1930 Rev.) § 6565. The plaintiff filed notice with the municipality on December 26. *Lamberti* v. *Stamford*, supra, 397. The defendant subsequently filed a demurrer,[6] claiming that the plaintiff's notice was not timely, and the trial court sustained the demurrer. Id.

On appeal, this court reversed the judgment of the trial court, and concluded that, "if the last day of the [statutory] period falls on a holiday, the giving of notice on the next day is a sufficient compliance with the statute." Id., 401. In reaching this conclusion, this court examined the interplay between §§ 1420 and 6565, the latter of which designated certain days as legal holidays. Specifically, the court in *Lamberti* stated: "We do not have here a situation where the giving of the notice requires action only by the person injured or someone in his behalf. The giving of that notice involves a duty to receive it on the part of the proper municipal official. Certainly when the legislature declares a day to be a

---

[6] "The purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice." (Internal quotation marks omitted.) *Brennan* v. *Fairfield*, supra, 255 Conn. 699 n.4.

holiday, it means at least to free public officers from the obligation of keeping open their offices or attending to their duties on that day, and it might well be that on such a day the officer or officers of a municipality to whom, under the statute, notice must be given would be out of town and far away. The injured party could not safely leave the giving of notice to the last day if it is a holiday . . . . Practically, where the last day of the period falls on a holiday, not to permit the notice to be filed on the succeeding day would be to cut down the time permitted for giving the notice from ten to nine days . . . . We cannot believe that the legislature had such an intention." Id., 400.

More recently, we reaffirmed the *Lamberti* decision in *Brennan* v. *Fairfield*, supra, 255 Conn. 699–700, wherein we concluded that the ninety day filing period under the current incarnation of the municipal defective highway statute, General Statutes § 13a-149, may be extended to ninety-two days, when the ninetieth and ninety-first days fall on a Saturday and a Sunday. In so concluding, we noted that "[f]iling notice under § 13a-149 . . . does not involve just one party. The designated town official must be available to receive the notice. When municipal offices are closed on weekends, public officers are freed from the obligation of keeping open their offices or attending to their duties, just as they are freed from these obligations on official holidays." (Internal quotation marks omitted.) Id., 700.

Similarly, in the present case, the commencement of a zoning appeal requires the participation of more than one party. Specifically, § 8-8 (b) mandates that "[t]he appeal shall be commenced by service of process in accordance with [subsection] (f) . . . of this section . . . ." General Statutes § 8-8 (f)[7] provides in relevant

[7] General Statutes § 8-8 (f) provides: "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and

part: "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process *with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. . . .*" (Emphasis added.) In other words, service of process under § 8-8 (f) requires the participation of at least two, if not three, municipal officers—the chairman *or* clerk of the board, *and* the clerk of the municipality. See *Gadbois* v. *Planning Commission*, 257 Conn. 604, 609, 778 A.2d 896 (2001) (failure to file copy of service of process with town clerk renders zoning appeal subject to dismissal). As we previously have noted, when municipal offices are closed on legal holidays, "public officers are freed from the obligation of keeping open their offices or attending to their duties . . . ." (Internal quotation marks omitted.) *Brennan* v. *Fairfield,* supra, 255 Conn. 700; see *Lamberti* v. *Stamford,* supra, 131 Conn. 400. To conclude otherwise would mean that, if the last date for serving process under § 8-8 (b) fell on a legal holiday, then either the municipal clerk's office would have to be open on those days in order to be served with process, or the designated officials would have to be otherwise available to be served with process on the fifteenth day. Such a result would run contrary to the principles set forth in *Lamberti* and *Brennan* concerning the timeliness of notice in civil actions. We therefore do not think that the legislature intended these consequences, in light of the clear directive of § 8-8 (p) that zoning appeals are to be considered civil actions.

---

attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal."

Our conclusion is further bolstered by the other clear directive of § 8-8 (p), namely, that "[t]he right of a person to appeal a decision of a board to the Superior Court and the procedure prescribed in this section *shall be liberally interpreted* in any case where a strict adherence to these provisions would work surprise or injustice. . . ." (Emphasis added.) In the present case, a strict adherence to the fifteen day statutory period prescribed in § 8-8 (b) would work surprise or injustice by reducing the statutory period from fifteen days to twelve days, the Friday before the holiday when the city clerk's office would last have been open. Because the legislature has required service of process on the chairman or clerk of the board, as well as the clerk of the municipality, and because the failure to meet these requirements will render the zoning appeal subject to dismissal, it would be unjust to construe § 8-8 (b) in a manner that effectively would shorten the statutory time period for commencing a zoning appeal when the last day falls on a legal holiday. We therefore decline to interpret § 8-8 (b) as shortening the legislatively prescribed time period within which the plaintiff must serve process on the commission and the municipality, when the fifteenth day falls on a day when municipal offices are closed, "when to do so would deny the plaintiff any remedy and leave [it] without recourse for what may be an otherwise meritorious [appeal]." *Brennan* v. *Fairfield*, supra, 255 Conn. 702.

We are unpersuaded by the defendants' contentions to the contrary, namely, that the common law applicable to civil actions does not apply in the present case because zoning appeals are administrative appeals. See footnote 5 of this opinion. In support of this contention, the defendants rely on *Norwich Land Co.* v. *Public Utilities Commission*, 170 Conn. 1, 363 A.2d 1386 (1975), and *Hanson* v. *Dept. of Income Maintenance*, 10 Conn. App. 14, 521 A.2d 208 (1987). Neither *Norwich*

*Land Co.* nor *Hanson* concerned zoning appeals; rather, both decisions concerned administrative appeals that are governed by the Uniform Administrative Procedure Act (UAPA), specifically General Statutes § 4-183. Unlike § 8-8 (p); see footnote 4 of this opinion; § 4-183 does not authorize administrative appeals under the UAPA to be considered civil actions. Furthermore, unlike § 8-8 (p), § 4-183 contains no requirement that the appeals brought thereunder are to be liberally construed in any case where a strict adherence to those rules would result in injustice or surprise. Therefore, *Norwich Land Co.* and *Hanson* are of minimal value to our inquiry in the present case, which concerns a zoning appeal under § 8-8.

The defendants further contend, nevertheless, that it is unnecessary to extend the statutory period in the present case because § 8-8 (f) expressly allows service of process to be made "by leaving a true and attested copy of the process . . . at the usual place of abode of, the chairman or clerk of the board . . . ." Therefore, the defendants contend that the plaintiff could have satisfied the statutory time period of § 8-8 (b) by serving process, on Memorial Day, to the designated municipal officers at their private residences. Although we recognize that the plaintiff *could have* satisfied § 8-8 (f) by leaving a true and attested copy of the process at the residence of either the chairman or the clerk of the commission, we note that the plaintiff still would have been required to leave "a true and attested copy *with the clerk of the municipality.*" (Emphasis added.) General Statutes § 8-8 (f). As we stated in *Brennan* v. *Fairfield,* supra, 255 Conn. 703, "even if we were to assume that the legislature intended to permit an unconventional method of delivery, such as delivery to a town clerk . . . at home, we do not read this language to supplant the plaintiff's opportunity to have a full ninety days within which to deliver notice at the town hall." Simi-

larly, even were we to assume that the legislature intended to permit service of process on the city clerk— a municipal official acting in an official capacity—at home, we do not read this language to supplant the plaintiff's opportunity to have a full fifteen days within which to serve process upon the city clerk within the municipal offices of city hall. Moreover, because § 8-8 (f) requires that service of process be made upon both the chairman or clerk of the commission *and* the city clerk, § 8-8 (b) necessarily must be read to afford a full fifteen days for service of process to be made on those parties.[8]

The defendants also contend that our decisions in *Lamberti* and *Brennan* essentially have been vitiated by General Statutes § 52-593a (a),[9] which provides: "Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the

___

[8] The defendants contend that our conclusion, that the fifteen day statutory period prescribed by § 8-8 (b) may be extended when the fifteenth day falls on a legal holiday, will "create numerous opportunities for future litigation similar to the late-1980s litigation concerning the infamous *Simko* decisions." See *Simko* v. *Zoning Board of Appeals*, 206 Conn. 374, 383, 538 A.2d 202 (1988) (*Simko II*); *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 421, 533 A.2d 879 (1987) (*Simko I*). In *Simko II*, however, "we interpreted General Statutes (Rev. to 1987) § 8-8 (b) to require that the clerk of a municipality be a necessary party to the proper institution of a zoning appeal and be served properly with true and attested copies of the appeal, and we determined that failure to do so is a jurisdictional defect that renders the zoning appeal subject to dismissal. [*Simko II*, supra, 383]. Shortly thereafter, in direct response to our decision in [*Simko II*], the legislature adopted an amendment to § 8-8 (b), which clearly indicated its disagreement with our interpretation." *Jolly, Inc.* v. *Zoning Board of Appeals*, 237 Conn. 184, 202, 676 A.2d 831 (1996). Indeed, the legislature enacted § 8-8 (p) after our decisions in the *Simko* cases, precisely because of its concern that an overly strict adherence to the provisions of § 8-8 (b), as proposed by the defendants, would result in unnecessary unfairness. See Public Acts 1989, No. 89-356, § 1; see also 32 H.R. Proc., supra, p. 8802.

[9] Effective July 2, 2003, the legislature amended § 52-593a (a) to allow that process be served "as provided by law, within *thirty* days of the delivery." (Emphasis added.) Public Acts 2003, No. 03-224, § 14.

time limited by law within which the action may be brought, *if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within fifteen days of the delivery.*" (Emphasis added.) The defendants therefore claim that, because the plaintiff did not take advantage of the savings provision of § 52-593a (a), the statutory period should not be extended when the last day falls on a legal holiday. We disagree. Section 52-593a (a) is a remedial provision that allows the salvage of an appeal that otherwise may be lost due to the passage of time. There is nothing in that statute to suggest that it supplants the similarly curative principles set forth in *Lamberti* and reaffirmed in *Brennan*. Moreover, without any clear expression of legislative intent to overrule or supersede *Lamberti* or *Brennan*, we cannot conclude that the legislature intended to abrogate the common-law principles set forth in those decisions. See *Matthiessen* v. *Vanech*, 266 Conn. 822, 838–39, 836 A.2d 394 (2003).

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.