# MISSIONARY SOCIETY OF CONNECTICUT *v.* BOARD OF PARDONS AND PAROLES
## (SC 17344)

Sullivan, C. J., and Norcott, Vertefeuille, Zarella, Lavery, Foti and Dranginis, Js.

Argued January 22—officially released January 24, 2005*

* January 24, 2005, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*James A. Wade*, with whom was *Andrea F. Donovan*, for the appellant (plaintiff).

*Richard Blumenthal*, attorney general, with whom were *Steven R. Strom* and *Henri Alexandre*, assistant attorneys general, for the appellee (defendant).

*Conrad Ost Seifert* and *Richard Emanuel* filed a brief for the Connecticut Criminal Defense Lawyers Association as amicus curiae.

*Opinion*

SULLIVAN, C. J. The plaintiff, Missionary Society of Connecticut, appeals from the judgment of the trial court dismissing its application for an order requiring the defendant, the state board of pardons and paroles (board), to hold a commutation hearing regarding the death sentences scheduled to be imposed on Michael B. Ross on January 26, 2005; see *State* v. *Ross*, 272 Conn. 577, 581, 863 A.2d 654 (2005); and its application for an order to show cause why the court should not order the board to hold a hearing and for a temporary injunction staying Ross' execution. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. Ross was sentenced to death on six counts of capital murder and this court affirmed the sentences of death. Id., 579–80. On October 6, 2004, the Superior Court set an execution date of January 26, 2005. Id., 581. On January 4, 2005, the plaintiff sent a letter to the board requesting that it conduct an immediate hearing regarding the commutation of Ross' death sentences. In the letter, the plaintiff claimed that the board violated due process by failing to adopt a policy setting forth the procedure for considering a request for commutation as required by statute. See General Statutes § 54-124a (d) (chairperson of board "shall have the authority and responsibility for . . . (2) adopting policies in all areas of pardons and paroles including . . . commutations from the penalty of death"). It also claimed that § 54-124a (f) violated Ross' equal protection rights by granting the board "independent decision-making authority to . . . grant . . . commutations from the penalty of death in accordance with section 18-26 [now § 54-130a]."[1] It argued that, because Connecticut is one of only three states that vest the power to commute death sentences solely in an administrative agency, Ross was deprived of the opportunity to have his death sentences commuted by the governor that he would have had if sentenced elsewhere.

The chairperson of the board denied the plaintiff's request. In his letter of denial, he stated that "[t]he [board] will consider written applications for clemency from eligible prisoners or from their authorized legal representatives. However, correspondence from others does not constitute an application for clemency and will not move the [b]oard to action. . . . Although your

[1] General Statutes § 18-26 has been transferred to § 54-130a. General Statutes § 54-130a (a) provides in relevant part: "Jurisdiction over the granting of, and the authority to grant . . . commutations from the penalty of death shall be vested in the Board of Pardons and Paroles."

letter purports to make arguments on behalf of . . . Ross, in fact, the [plaintiff] does not represent . . . Ross and has no standing to make such arguments on his behalf. While we . . . appreciate the [plaintiff's] self-described 'long-standing opposition to the death penalty,' that stance alone does not provide legal standing to advocate on behalf of . . . Ross."

The plaintiff then filed in the trial court (1) an application pursuant to General Statutes § 4-183 (a)[2] for an order requiring a commutation hearing and (2) an application pursuant to General Statutes § 52-471 et seq. for an order to show cause why an order should not issue requiring the board to conduct an immediate commutation hearing and for a temporary injunction staying Ross' execution. The board thereafter filed a motion to dismiss the action on the ground that the plaintiff lacked standing. After a hearing, the trial court granted the motion. Citing *Bongiorno Supermarket, Inc.* v. *Zoning Board of Appeals*, 266 Conn. 531, 539, 833 A.2d 883 (2003), the trial court concluded that the plaintiff was not aggrieved by the board's decision because it had no "specific personal and legal interest in the controversy, as distinguished from a general interest which is shared by the community as a whole." On January 20, 2005, the Chief Justice granted the plaintiff's application for an immediate and expedited appeal to this court pursuant to General Statutes § 52-265a. On appeal, the plaintiff claims that it is aggrieved by the board's decision because: (1) it has a long-standing history of challenging the legitimacy of the death penalty and, therefore, had a specific interest in ensuring that the death penalty not be imposed unlawfully; and (2) that interest has been injured by the board's decision. It

[2] General Statutes § 4-183 (a) provides in relevant part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ."

further claims that the board's ad hoc ruling precluding third parties from requesting a commutation hearing is arbitrary and capricious in light of its failure to adopt any policies or regulations defining who may request such a hearing. The board argues that the trial court properly dismissed the applications for lack of standing. It also raises several alternate grounds for affirmance, including, inter alia, that the trial court had no jurisdiction over this administrative appeal because there was no final decision within the meaning of § 4-183 (a). We agree with the board that the trial court lacked jurisdiction because the plaintiff had no statutory right to appeal from the board's refusal to hold a commutation hearing.

Whether the plaintiff has a statutory right to appeal from the board's action under § 4-183 (a) is a question of statutory interpretation over which our review is plenary. See *Carmel Hollow Associates Ltd. Partnership* v. *Bethlehem*, 269 Conn. 120, 129, 848 A.2d 451 (2004). We begin our analysis with the language of the statute. Section 4-183 (a) provides in relevant part that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ." General Statutes § 4-166 (3) (A) defines " '[f]inal decision' " as "the agency determination in a contested case . . . ." Subdivision (2) of § 4-166 defines " '[c]ontested case' " as "a proceeding . . . in which the legal rights, duties or privileges of a party are required by state statute or regulation to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held, but does not include . . . hearings conducted by the . . . Board of Pardons and Paroles . . . ." Because there is no statutory or regulatory requirement that the board determine the eligibility of any particular prisoner for commutation, a proceeding before the

board regarding the commutation of a death sentence is not a "contested case."[3] Cf. *Taylor* v. *Robinson*, 171 Conn. 691, 697, 372 A.2d 102 (1976) (parole release hearing is not contested case because there is no statutory requirement that parole board determine eligibility for parole of any particular prisoner). Moreover, it is not a contested case because a hearing on the matter is not required either by statute or by regulation and no hearing was, in fact, held. Cf. id. Finally, even if there were a right to an eligibility determination and a hearing, the legislature has expressly excluded proceedings before the board from the class of "contested cases." Therefore, decisions in such proceedings are not "final decisions" for purposes of § 4-183 (a). Accordingly, there is no right to appeal from the board's decisions. See *Nine State Street, LLC* v. *Planning & Zoning Commission*, 270 Conn. 42, 46, 850 A.2d 1032 (2004) (in absence of statutory authority, there is no right to appeal from agency decision). This is consistent with the long-standing rule that "[t]here exists no right to judicial review of denial of commutation." *McLaughlin* v. *Bronson*, 206 Conn. 267, 271, 537 A.2d 1004 (1988); see also *Connecticut Board of Pardons* v. *Dumschat*, 452 U.S. 458, 464, 101 S. Ct. 2460, 69 L. Ed. 2d 158 (1981) ("pardon and commutation decisions have not traditionally been the business of courts; as such, they

---

[3] Nor is there any constitutional requirement that the board determine the eligibility of any particular prisoner for commutation. It is well established that § 54-130a, formerly § 18-26, confers unfettered discretion on the board. See *Connecticut Board of Pardons* v. *Dumschat*, 452 U.S. 458, 466, 101 S. Ct. 2460, 69 L. Ed. 2d 158 (1981); *McLaughlin* v. *Bronson*, 206 Conn. 267, 271, 537 A.2d 1004 (1988). Thus, the statute creates no right, entitlement or protected liberty or life interest "beyond the [prisoner's] right to seek commutation." *Connecticut Board of Pardons* v. *Dumschat*, supra, 467; *McLaughlin* v. *Bronson*, supra, 271; see also *Ohio Adult Parole Authority* v. *Woodard*, 523 U.S. 272, 118 S. Ct. 1244, 140 L. Ed. 2d 387 (1998) (discretionary clemency provisions do not create life interest in prisoner in death penalty case entitling prisoner to procedural protections). "A death row inmate's petition for clemency is [simply] a 'unilateral hope,' " and is a matter of grace. *Ohio Adult Parole Authority* v. *Woodard*, supra, 282.

are rarely, if ever, appropriate subjects for judicial review").

The judgment is affirmed.

In this opinion VERTEFEUILLE, ZARELLA, LAVERY, FOTI and DRANGINIS, Js., concurred.

NORCOTT, J., concurring. I concur in the result.