TIMOTHY TOWNSEND, JR. *v.* MARK HOGAN ET AL.
(AC 29703)

Lavine, Beach and Dupont, Js.

Argued April 27—officially released July 14, 2009

*Timothy Townsend, Jr.,* pro se, the appellant (plaintiff).

*Henri Alexandre,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellees (defendants).

LAVINE, J. The plaintiff, Timothy Townsend, Jr., appeals from the trial court's judgment dismissing the action for lack of subject matter jurisdiction. On appeal, the plaintiff claims that the court improperly concluded that it lacked subject matter jurisdiction to hear an appeal from a disciplinary hearing decision of the department of correction (department). We affirm the judgment of the trial court.

The following facts and procedural history are relevant for our consideration of the appeal. On November 12, 2005, the plaintiff was incarcerated at a correctional facility and became involved in an altercation with another inmate and staff. The defendants in the matter are Mark Hogan, Sandra Savage, Angel Quiros, Daniel Martin, Mark Strange, John Doe, Amanda Hannah and a disciplinary hearing officer identified only as Soto, who were at all relevant times employees at the correctional facility where the plaintiff was incarcerated. Following a guilty finding at a prison disciplinary hearing, the plaintiff filed an administrative appeal pursuant to General Statutes §§ 4-183 and 18-78a. On June 27, 2007, the defendants filed a motion to dismiss on the ground that the court lacked subject matter jurisdiction to hear the plaintiff's appeal because there is no statutory right to appeal to the court from the department's disciplinary hearing decision. The plaintiff filed an objection on July 6, 2007, claiming that the court did not lack subject matter jurisdiction because he had a statutory and constitutional right to file an administrative appeal from the decision.

Following a hearing, the court granted the defendants' motion on January 22, 2008. In its memorandum of decision, the court concluded that it lacked subject matter jurisdiction because General Statutes §§ 18-78a and 4-166 (2) "expressly and unequivocally" excluded

the plaintiff's appeal from the provisions of the Uniform Administrative Procedure Act (act), General Statutes § 4-166 et seq. The plaintiff, who is acting pro se, filed the present appeal on March 5, 2008, claiming that the court improperly concluded that it lacked subject matter jurisdiction to hear his appeal.[1] We disagree.

Section 18-78a, in relevant part, applies provisions of the act to the department. Section 4-183 (a), which is a part of the act, provides in relevant part that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section."

Our Supreme Court has addressed § 4-183 (a) in the context of a statutory right to appeal from an action of

---

[1] We decline to address any constitutional claims the plaintiff may be attempting to raise. The plaintiff clearly alleged in his complaint that his appeal was administrative and that it was filed pursuant to §§ 4-183 and 18-78a. Nonetheless, the plaintiff appears to argue in his appellate brief that he has a right to file an administrative appeal, or that the court has subject matter jurisdiction to hear it, because he was not afforded due process at his disciplinary hearing. The plaintiff refers to § 18-78a (b), a provision that mentions procedural due process but is inconsequential to the determination of whether the court has subject matter jurisdiction over administrative appeals from disciplinary hearing decisions of the department.

The plaintiff additionally has stated in his complaint, without providing any legal analysis or citing to any pertinent authority, that he was entitled to file an administrative appeal pursuant to the first amendment to the United States constitution, "the state of Connecticut constitution, article [first, §] 10 . . . and concerns issue of denial of 'due process,' and more." He also has argued in his objection to the defendants' motion to dismiss that he had a constitutional right to file an administrative appeal.

We conclude that although the substance of the plaintiff's appeal might have been an allegation that he was deprived of due process at the disciplinary hearing, the court properly considered and reviewed the plaintiff's appeal as an administrative appeal because the plaintiff clearly alleged in his complaint that he was appealing pursuant to § 4-183. We therefore decline to review any vaguely framed or inadequately briefed constitutional issues the plaintiff may be raising. See, e.g., *Pasquariello* v. *Stop & Shop Cos.*, 281 Conn. 656, 662, 916 A.2d 803 (2007) (our courts exercise self-restraint so as to eschew unnecessary determinations of constitutional questions).

the board of pardons and paroles and stated: "Whether the plaintiff has a statutory right to appeal from the board's action under § 4-183 (a) is a question of statutory interpretation over which our review is plenary. . . . We begin our analysis with the language of the statute. Section 4-183 (a) provides in relevant part that [a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . . General Statutes § 4-166 (3) (A) defines [f]inal decision as the agency determination in a contested case . . . ." (Citation omitted; internal quotation marks omitted.) *Missionary Society of Connecticut* v. *Board of Pardons & Paroles*, 272 Conn. 647, 651, 866 A.2d 538 (2005). The court then noted that subdivision (2) of § 4-166 excluded hearings conducted by the board of pardons and paroles from the definition of "contested case" and held that "the legislature has expressly excluded proceedings before the board from the class of 'contested cases.' Therefore, decisions in such proceedings are not 'final decisions' for purposes of § 4-183 (a). Accordingly, there is no right to appeal from the board's decisions." Id., 652.

We conclude that, similarly, there is no right to appeal from a disciplinary hearing decision by the department. "Contested case" is defined in § 4-166 (2) as a "proceeding . . . in which the legal rights, duties or privileges of a party are required by state statute or regulation to be determined by an agency . . . but does not include . . . *hearings conducted by the [d]epartment of [c]orrection* or the [b]oard of [p]ardons and [p]aroles . . . ." (Emphasis added.). General Statutes § 4-166 (2). Because hearings conducted by the department are expressly excluded by the legislature from the class of contested cases under § 4-166 (2), they are not final decisions under § 4-183 (a). See *Missionary Society of Connecticut* v. *Board of Pardons & Paroles*, supra, 272

Conn. 652. The plaintiff therefore has no right to appeal from a disciplinary hearing decision rendered by the department.

We conclude that the court properly concluded that it lacked subject matter jurisdiction to hear an appeal from a disciplinary hearing decision of the department.

The judgment is affirmed.

In this opinion the other judges concurred.